Adalberto NAVA–PANDURO; Maria Cristina Villa–Reyes, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–71897.

INS No. A70 914–795/796.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2003.

Decided May 27, 2003.

---

Before TASHIMA, BERZON, and CLIFTON, Circuit Judges.

### MEMORANDUM *

Husband and wife petitioners Adalberto Nava–Panduro and Maria Cristina Villa–Reyes ("Petitioners") appeal from the BIA's affirmance of the Immigration Judge's ("IJ's") denial of their applications for cancellation of removal pursuant to § 240A(b) of the Immigration and Naturalization Act, 8 U.S.C. § 1229b(b). The permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act apply because Petitioners were served with Notices to Appear after April 1, 1997. *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 597 (9th Cir.2002). We deny the petition.[1]

Petitioners' ineffective assistance of counsel claim fails for lack of prejudice. *Dearinger ex rel. Volkova v. Reno,* 232 F.3d 1042, 1045 (9th Cir.2000). Even though the IJ proceeded without the benefit of Petitioners' chosen counsel, the IJ carefully and thoroughly questioned Petitioners regarding the health of their five United States citizen children. The record indicates that Petitioners understood these questions. It also indicates that Petitioners replied that the children were doing "fine." Although we recognize that the absence of counsel may have affected the quality of the advocacy, this alone is not grounds for finding prejudice absent some evidence that counsel's failure to appear negatively affected the result. *Jacinto v. INS,* 208 F.3d 725, 734 (9th Cir.2000). To the contrary, the record indicates that during the course of the hearing, the Petitioners answered fully and were given every opportunity to explain themselves.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Because the parties are familiar with the facts, we only discuss those relevant to our analysis.

■ Moreover, nothing in the record suggests that Petitioners' children cannot obtain their basic health care in Mexico. We thus conclude that the Board did not abuse its discretion in finding that removal of Petitioners would not result "in exceptional and extremely unusual hardship" to Petitioners' United States citizen children. 8 U.S.C. § 1229b(b)(1)(D).

Accordingly, the petition for review is

**DENIED.**[2]

---

2. Because we deny the petition for failure to establish prejudice, we do not reach respondent's alternative arguments based on fugitive disentitlement and failure of Villa–Reyes to satisfy the physical presence requirement.